```
                          United States Bankruptcy Court
                          Eastern District of Washington
In re:                                                        Case No. 17-03260-FLK
Jose A. TAPIA                                                 Chapter 7
         Debtor                       CERTIFICATE OF NOTICE
```

District/off: 0980-2          User: admin           Page 1 of 1              Date Rcvd: Mar 01, 2018
                              Form ID: 318          Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 03, 2018.
```
db              Jose A. TAPIA,    913 Cornell Ave.,    Yakima, WA  98902-4447
3936539         Advanced LIfe Systems,    2106 W Washington Ave # 3,    Yakima, WA  98903-1272
3936542         Memorial Physicians PLLC,    PO Box 2947,    Yakima, WA  98907-2947
3936543         Orthopedics NW,    1211 N 16th Ave,    Yakima, WA  98902-1347
3936544         Physician Anesthesia Assoc.,    406 S 30th Ave Ste 202,    Yakima, WA  98902-3713
3936545         Quality Care Medical Clinic,    611 N 39th Ave,    Yakima, WA  98902-6348
3936549         YCCS,    PO Box 9244,    Yakima, WA  98909-0244
3936546         Yakima Adjustment Service,    PO Box 512,    Yakima, WA  98907-0512
3936547         Yakima Regional,    110 S 9th Ave,    Yakima, WA  98902-3315
3936548         Yakima Valley Radiology,    PO Box 2925,    Yakima, WA  98907-2925
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr             +EDI: BMJANDERTON Mar 02 2018 07:08:00      Matthew J Anderton,    Anderton Firm,    PO Box 711,
                 Yakima, WA 98907-0711
smg             EDI: WADEPREV.COM Mar 02 2018 07:08:00      State of Washington,    Department of Revenue,
                 2101 4th Ave, Ste 1400,    Seattle, WA  98121-2300
3936540         E-mail/Text: Banko@efscollects.com Mar 02 2018 02:11:02      Evergreen,    PO Box 9073,
                 Yakima, WA  98909-0073
3936541         E-mail/Text: billing@interpathlab.com Mar 02 2018 02:11:18      Interpath Laboratory,
                 PO Box 1208,    Pendleton, OR  97801-0780
                                                                                              TOTAL: 4
```

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 03, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 28, 2018 at the address(es) listed below:
```
              K Denny Colvin    on behalf of Debtor Jose A. TAPIA rebecca@colvinlawoffice.com
              Matthew J Anderton    EDWATrustee@gmail.com,  WA34@ecfcbis.com;mmstedman@msn.com
              US Trustee    USTP.REGION18.SP.ECF@usdoj.gov
                                                                                            TOTAL: 3
```

Information to identify the case:

| | | |
|---|---|---|
| Debtor 1 | **Jose A. TAPIA** | Social Security number or ITIN **xxx–xx–7252** |
| | First Name  Middle Name  Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **EASTERN DISTRICT OF WASHINGTON**

Case number:  **17–03260–FLK7**

# Order of Discharge                                                                                         12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

    Jose A. TAPIA

    2/28/18                              **By the court:**   Frank L Kurtz
                                                                             United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**